UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

CASE NO:     4:24-cv-03705-JD

DANIELLE MAFFEO, on behalf of
herself and all others similarly situated,

    Plaintiff(s),

    v.

DAGWOODS NORTH, LLC,

    Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiff, DANIELLE MAFFEO ("Maffeo" or "Plaintiff"), on behalf of herself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), files this Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, DAGWOODS NORTH, LLC ("Dagwoods" or "Defendant"), for its failure to pay Servers federal minimum wages, as follows:

**INTRODUCTION**

1.    Plaintiff brings this collective action under the Fair Labor Standards Act ("FLSA"), on behalf of herself and all other Restaurant Servers who work or have worked at Dagwood's Deli & Sports Bar located at 4200 Highway 17 S in North Myrtle Beach, South Carolina 29582, during the applicable statute of limitations. Defendant committed federal wage violations because it (1) compensated Restaurant Servers at a reduced sub-minimum wage for tipped employees, but failed to provide Plaintiff and all others similarly situated with statutorily required notice of taking a tip credit; (2) required Plaintiff and all others similarly situated to perform non-tipped duties and side work in excess of 30 continuous minutes in one or more shifts; and (3) required Plaintiff and all

others similarly situated to purchase uniforms and tools out of pocket prior to their first shift, and throughout their employment, thus causing their hourly rate to fall below the applicable federal minimum wage. As a result, Plaintiff and all similarly situated Restaurant Servers have been denied federal minimum wages during various workweeks within the relevant time period.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Horry County, South Carolina, over the age of 18 years, and otherwise *sui juris*.

3. Plaintiff and the **FLSA putative collective members** are/were Restaurant Servers who worked for Defendant within the last three (3) years at Dagwood's Deli & Sports Bar located at 4200 Highway 17 S in North Myrtle Beach, South Carolina 29582.

4. Plaintiff worked for Defendant as a Restaurant Server at the Dagwood's Deli & Sports Bar restaurant from in or around March of 2022, through the present.

5. The proposed collective members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt, tipped Restaurant Servers employed by Defendant and subject to the same practices and policies enforced by Defendant at its restaurant located at 4200 Highway 17 S in North Myrtle Beach, South Carolina 29582.

6. Plaintiff seeks certification of three (3) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

> **Tip Credit Notice Collective**: All Restaurant Servers who worked for Defendant during the previous three (3) years preceding this lawsuit who were paid a reduced tip credit wage but did not receive proper notice from Defendant that it would be taking a tip credit toward the required federal minimum wage.
>
> **Substantial Side Work Collective**: All Restaurant Servers who worked for Defendant on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on

> non-tipped duties and side work during any shift and were paid a reduced tip credit wage.
>
> **<u>Uniform and Tool Reimbursement Collective</u>**: All Restaurant Servers who worked for Defendant during the previous three (3) years who were required to purchase a uniform and tools of the trade and were not reimbursed.

7. The precise size and identity of each collective should be ascertainable from the business records, tax records, and/or personnel records of Defendant; however, Plaintiff estimates that the total number of members in each collective exceeds fifty (50).

8. During all times material hereto, Defendant was a South Carolina limited liability company operating and transacting business within Horry County, South Carolina, within the jurisdiction of this Honorable Court.

9. During all times material hereto, Defendant owned, operated, and controlled the Dagwood's Deli & Sports Bar located at 4200 Highway 17 S in North Myrtle Beach, South Carolina 29582.

10. Defendant was the "employer" of Plaintiff and all members of the putative Collectives as that term is defined by the FLSA during all times pertinent to the allegations herein.

11. During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Dagwood's Deli & Sports Bar located at 4200 Highway 17 S in North Myrtle Beach, South Carolina 29582.

12. Defendant implements uniform pay, tip, and time-keeping practices at the Dagwood's Deli & Sports Bar restaurant that apply to all Servers.

13. Plaintiff and putative collective members are/were non-exempt, hourly Restaurant Servers.

## JURISDICTION AND VENUE

14. This action is brought under 29 U.S.C. § 216(b) to recover damages, reasonable attorney's fees, and reimbursable costs from Defendant.

15. The acts and/or omissions giving rise to this dispute took place within Horry County, South Carolina, which falls within the jurisdiction of this Honorable Court.

16. Defendant regularly transacts business in Horry County, South Carolina and jurisdiction is therefore proper.

17. Venue is also proper within Horry County, South Carolina.

## FLSA COVERAGE

18. Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

19. During all time periods pertinent hereto, Defendant's employees regularly handled goods and materials such as food, beverages, napkins, silverware, appliances, pickles, ranch dressing, pretzels, cheese, mustard, chicken, honey mustard, chicken, Monterey Jack cheese, jalapenos, spinach, red pepper, black beans, spices, onions, mozzarella cheese, marinara sauce, mushrooms, cream cheese, shrimp, hot sauce, celery, bleu cheese, cocktail sauce, mahi, pineapple, cilantro, tartar sauce, chips, cheddar cheese, lettuce, tomato, sour cream, wings, teriyaki, potatoes, barbeque sauce, bacon, chips, tortillas, onions, steak, prime rib, green peppers, banana peppers, Italian dressing, thousand island dressing, Caesar dressing, balsamic vinaigrette, oil, vinegar, crackers, red onion, croutons, parmesan cheese, ham, turkey, salami, pepperoni, tuna, coleslaw,

beef, provolone cheese, mayonnaise, ketchup, brioche buns, American cheese, cod, relish, tomato basil wraps, spinach wraps, flour wraps, wheat wraps, black olives, salt, pepper, oregano, swiss cheese, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, flour, coffee, tea, soda, and other goods and materials that had previously travelled through interstate commerce.

20.     Defendant had gross annual revenue in excess of $500,000.00 in 2021, 2022, 2023, and is expected to have gross annual revenue in excess of $500,000.00 in 2024.

### DEFENDANT FAILS TO PROVIDE SUFFICIENT NOTICE OF THE TIP CREDIT TO RESTAURANT SERVERS

21.     When Defendant hires Restaurant Servers, like Plaintiff, it attempts to credit a portion of the tips earned by Restaurant Servers toward its federal minimum wage obligations, and, consequently, it compensates Servers at an hourly rate below the applicable federal minimum wage.

22.     However, Defendant fails to provide its Restaurant Servers, including Plaintiff, with sufficient notice of the tip credit under federal law.

23.     During all times material hereto, Defendant **did not**: (1) provide the full statutorily required tip notice under federal law; or (2) pay the full federal minimum wage.

24.     Plaintiff and the *Tip Credit Notice Collective* members are entitled to recover at least the federal minimum wage for each hour spent performing work for Defendant within the past 3 years.

### DEFEENDANT REQUIRES SERVERS TO SPEND MORE THAN 30 CONTINUOUS MINUTES PERFORMING NON-TIPPED DUTIES AND SIDE WORK DURING EACH SHIFT

25.     During all times material hereto, Defendant required Servers to arrive at opening shifts approximately sixty (60) minutes before the restaurant was open to the public. During this

time, Plaintiff and other Servers were performing side work and preparation duties but were nevertheless compensated a sub-minimum wage even though they were not performing any tip producing duties.

26. Side work which takes more than 30 continuous minutes is not considered "part of the tipped occupation." *See* 29 C.F.R. § 531.56(f)(4)(ii).

27. Accordingly, employers are forbidden from taking a tip credit when they compel tipped employees to spend more than 30 continuous minutes on non-tipped duties and side work.

28. According to its own website, Dagwood's Deli & Sports Bar in North Myrtle Beach, South Carolina has the following operational hours:

**NORTH MYRTLE BEACH**

Dagwood's Deli & Sports Bar

4200 Highway 17 S

North Myrtle Beach, SC 29582

843-931-DELI (3354)

Mon-Sun 11am-9pm

Kitchen Hours: 11am – 9pm

*See* dagwoodsdeli.com/dagwoods-locations/north-myrtle-beach (last visited June 6, 2024).

29. During all times material hereto, Defendant required Restaurant Servers to perform side work and non-tipped duties for *at least* 1 continuous hour at the beginning of their shifts when the Restaurant was closed to the public, and Restaurant Servers were unable to perform any tip-producing work.

30. During all times material hereto, Defendant required Restaurant Servers to perform side work and non-tipped duties for *at least* 1 continuous hour at the end of closing shifts, often when Restaurant Servers did not have any customers and the restaurant was closed to the public.

31. Plaintiff and the ***Substantial Side Work Collective*** members are entitled to recover at least federal minimum wage for the time spent performing "non-tipped" duties and side work which exceeds 30 continuous minutes per shift.

32. Plaintiff and the putative collective members performed the same or substantially similar side work for Defendant and were otherwise paid in an identical manner by Defendant.

33. Although Defendant was aware of the requirements of the FLSA, and the pertinent regulations thereto, Defendant willfully and/or intentionally failed to pay Plaintiff and the putative collective members in accordance with federal law.

### **DEFENDANT FAILED TO REIMBURSE SERVERS FOR EXPENSES INCURRED FROM PURCHASING UNIFORM ITEMS AND TOOLS OF THE TRADE DURING THEIR TRAINING PERIODS AND THROUGHOUT THEIR EMPLOYMENT**

34. Defendant has implemented and regularly enforces a restaurant-wide policy that requires all new Restaurant Servers to purchase uniform items to be worn in the restaurant each and every day of their employment.

35. This uniform is not optional, and Restaurant Servers are not permitted to work unless they are wearing the required uniform when they begin a shift.

36. Restaurant Servers are required to purchase aprons which cost approximately $15.00.

37. Defendant hired Plaintiff in March of 2022 and required Plaintiff to purchase an apron before Plaintiff could begin work.

38. In total, Plaintiff spent *at least* $15.00 purchasing her apron for work.

39. Additionally, Defendant has implemented and regularly enforces a restaurant-wide policy that requires all new Restaurant Servers to purchase certain items and tools of the trade—i.e., server books, papers, and pens—to be used to assist them in completing their job duties each and every day of their employment.

40. These items are not optional, and Restaurant Servers must purchase and use these tools every shift as Defendant does not provide Restaurant Servers with these items.

41. The server books cost approximately $10.00, the paper costs approximately $2.00, and the pens cost approximately $4.00.

42. In total, Plaintiff spent *at least* $16.00 purchasing these items—i.e., tools of the trade—for work.

43. Defendant **never** reimbursed Plaintiff or any of the similarly situated Restaurant Servers for the uniform items or tools that they were instructed and required to purchase before beginning their employment and training.

44. If Plaintiff or any of the similarly situated Servers failed to wear this apron for any of their shifts, they would not be permitted to work their shifts.

45. If Plaintiff or any of the similarly situated Servers failed to bring their own books, papers, and pens, they would not be able to adequately perform their job duties.

46. Defendant required Plaintiff and all other similarly situated Servers to wear their aprons for the benefit of Defendant in creating and establishing an enjoyable dining experience for its customers and so customers could easily identify Restaurant Servers.

47. In light of the regular wear, tear, and usage of their work tools in a restaurant environment, Plaintiff and other similarly situated Servers were required to repurchase and/or

replace their items throughout their employment but were not reimbursed by Defendant for such additional costs, even though Defendant retained the benefit of this policy.

48. As a result of this apron and tool purchase policy, Plaintiff's and other similarly situated Restaurant Servers' compensation fell below the minimum wage in direct violation of the FLSA in one or more workweeks of their employment.

## COUNT I – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (TIP CREDIT NOTICE COLLECTIVE)

49. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 48 as though set forth fully herein.

50. Plaintiff was entitled to be paid the full federal minimum wage in one or more workweeks for certain hours worked during her employment with Defendant.

51. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Tip Credit Notice Collective:

> **Tip Credit Notice Collective: All Restaurant Servers who worked for Defendant during the previous three (3) years who were paid a reduced tip credit wage but did not receive proper notice from Defendant that it would be taking a tip credit toward the required federal minimum wage.**

52. Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other Restaurant Servers with requisite verbal or written notice of the tip credit required under federal law.

53. Plaintiff and the putative collective of Restaurant Servers are therefore entitled to receive the full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous three (3) years.

54. Defendant either willfully chose not to comply with the FLSA's tip credit laws, and deliberately failed to pay the Tip Credit Notice Collective properly, or failed to make an adequate

inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent Tip Credit laws under the FLSA.

55. Defendant knew Plaintiff had performed work but willfully failed to pay Plaintiff the full federal minimum wage, contrary to the FLSA.

56. Defendant could have investigated the requirements of the FLSA at little no cost by accessing the U.S. Department of Labor's publicly available information on wage and hour laws but failed to do so.

57. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during her employment with Defendant.

58. Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, DANIELLE MAFFEO, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, DAGWOODS NORTH, LLC, and award Plaintiff, and all others similarly situated: (a) unpaid federal minimum wages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

**COUNT II – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS**
**(SUBSTANTIAL SIDE WORK COLLECTIVE)**

59. Plaintiff re-alleges and re-avers Paragraphs 1 through 48 as though fully set forth herein.

60. Defendant attempted to claim a tip credit under federal law for each hour of work performed by Plaintiff and all other Restaurant Servers employed at Defendant's restaurant.

61. Defendant required Plaintiff and other Restaurant Servers working at Defendant's restaurant to arrive and begin work more than 30 minutes before the restaurant opens to the public.

62. Plaintiff and all other similarly situated Restaurant Servers are/were entitled to be paid full federal minimum wage for hours worked during their employment with Defendant.

63. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself, and the following similarly situated Substantial Side Work Collective:

> **Substantial Side Work Collective**: **All Servers who worked for Defendant or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift and were paid a reduced tip credit wage.**

64. Defendant violated the FLSA because it required Restaurant Servers to spend more than thirty (30) continuous minutes on non-tipped duties and side work during workweeks when Defendant claimed a tip credit for all hours worked.

65. Defendant required Plaintiff and all other Restaurant Servers to spend substantial continuous time working on tip supporting work, side work and non-tipped duties and unlawfully claimed a tip credit for this work (instead of paying these employees the full applicable federal minimum wage).

66. Because Plaintiff and all other similarly situated employees were required to spend more than thirty (30) continuous minutes on tip supporting work, non-tipped duties and side work, Defendant is not permitted to take the applicable tip credit under federal law for work performed during this time.

67. Defendant has been in operation for several years and therefore knew or should have known about the FLSA's prohibition against requiring employees who are paid a sub-minimum wage to perform more than 30 continuous minutes during any shift performing non-tipped duties and side work.

68. The Defendant had an obligation to investigate and review its restaurant's policies concerning compliance with rules and regulations concerning the effect side work and non-tipped duties have on a tipped employee's wages and tips.

69. Information concerning the applicability of these rules and regulations were publicly available to Defendant for no charge through the Department of Labor's website.

70. Defendant either willfully chose not to comply with the FLSA's substantial side work regulations, and deliberately failed to pay the Substantial Side Work Collective properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent Substantial Side Work regulations under the FLSA.

71. Defendant knew Plaintiff had performed more than thirty (30) continuous minutes on non-tipped duties and side work during his shift(s), but willfully failed to pay Plaintiff the full federal minimum wage, contrary to the FLSA.

72. Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

73. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work.

WHEREFORE, Plaintiff, DANIELLE MAFFEO, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, DAGWOODS NORTH, LLC, and award Plaintiff, and all others similarly situated: (a) unpaid federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

**COUNT III – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS**
**(UNIFORM AND TOOL REIMBURSEMENT COLLECTIVE)**

74. Plaintiff re-alleges and re-avers Paragraphs 1 through 48 as though fully set forth herein.

75. Plaintiff and all others similarly situated are/were entitled to be paid the full federal minimum wage for certain hours worked during their employment with Defendant.

76. As a result, these expenses caused Plaintiff and the Uniform and Tool Reimbursement Collective's wages to dip below the applicable minimum wage, and Defendant therefore willfully failed to pay Plaintiff and similarly situated Restaurant Servers the full minimum wage for one or more weeks of work, contrary to the FLSA.

77. Defendant has been in operation for several years and therefore knew or should have known that requiring its Servers to pay for their uniform and tool items would cause an FLSA minimum wage violation.

78. The Defendant had an obligation to investigate and review its restaurant's policies concerning compliance with rules and regulations concerning the effect that a uniform and tool purchase policy would have on a tipped employee's wages.

79. Information concerning the applicability of these rules and regulations were publicly available to Defendant for no charge through the Department of Labor's website.

80. Defendant either willfully chose not to comply with the uniform and tools of the trade regulations under the FLSA, and deliberately failed to pay the Uniform and Tool Reimbursement Collective properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent Uniform and Tool Reimbursement regulations under the FLSA.

81. Defendant knew Plaintiff had purchased uniform items and tools of the trade throughout her employment, but willfully failed to pay Plaintiff the full federal minimum wage, contrary to the FLSA.

82. Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

83. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work.

WHEREFORE, Plaintiff, DANIELLE MAFFEO, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, DAGWOODS NORTH, LLC, and award Plaintiff, and all others similarly situated: (a) unpaid federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances

## DEMAND FOR JURY TRIAL

Plaintiff, DANIELLE MAFFEO, on behalf of herself and each collective demands a trial by jury on all appropriate claims.

**Date: June 26, 2024**

Respectfully Submitted,

By: /s/ Christopher C. Mingledorff
Christopher C. Mingledorff, Esq.
South Carolina Bar No. 100390
S.C. District Court Bar No. 12034
chris@mptrial.com

**MINGLEDORFF & PATTERSON, LLC**
245 Seven Farms Drive, Suite 310, Box 13
Charleston, South Carolina 29492
Ph: (843) 471-1015
*Co-Counsel for Plaintiff and
Putative Collective of FLSA
Opt-In Plaintiffs*

By: /s/ Jordan Richards
Jordan Richards
Pro Hac Vice Forthcoming
Florida Bar No. 108372
jordan@jordanrichardspllc.com

**USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
(954) 871-0050
*Co-Counsel for Plaintiff and
Putative Collective of FLSA
Opt-In Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on June 26, 2024.

By: /s/ Christopher C. Mingledorff
Christopher C. Mingledorff, Esq.
South Carolina Bar No. 100390
S.C. District Court Bar No. 12034

## SERVICE LIST